UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DOMINIC WILLIAMS,

                Plaintiff,

v.                                                                  Case No. 24-cv-505-pp

JANE DOE #1, *et al.*,

                Defendants.

**ORDER DENYING AS UNNECESSARY PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS' ANSWER (DKT. NO. 16), GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO IDENTIFY DOE DEFENDANTS (DKT. NO. 17) AND DENYING WITHOUT PREJUDICE PLAINTIFF'S REQUEST TO APPOINT COUNSEL (DKT. NO. 17)**

On July 8, 2024, the court screened plaintiff Dominic Williams's complaint and allowed him to proceed on claims under the Eighth and Fourteenth Amendments against medical officials at the Milwaukee County Jail, the Milwaukee County House of Corrections, Dodge Correctional Institution and Fox Lake Correctional Institution. Dkt. No. 8. The court added Drs. Sukowaty, Palop and Godiwalla as defendants. Id. at 10. The court also added Milwaukee County Sheriff Denita R. Ball and Superintendent Chantell Jewell as placeholders so that the plaintiff could identify the unknown Jane Doe defendants at the jail and House of Correction/Community Reintegration Center. Id. The court ordered the plaintiff to "identify the names of the jail and House of Correction defendants within sixty days of the date on which Sheriff Ball and Superintendent Jewell's attorneys file their notices of appearance." Id.

at 11. The court warned the plaintiff that if he "[did] not identify the names of the Doe defendants within sixty days after the attorneys for Sheriff Ball and Superintendent Jewell have filed their notices of appearance (or [did] not explain to the court in writing why he is unable to do so), the court may dismiss his case based on his failure to diligently pursue it." Id. (citing Civil Local Rule 41(c) (E.D. Wis.)).

On July 16, 2024, counsel for Sheriff Ball and Superintendent Jewell filed a notice of appearance. Dkt. No. 9. That means the plaintiff needed to identify the Doe defendants—or explain why he could not do so—by September 16, 2024.

On September 5, 2024, the named defendants filed with the court their answer and affirmative defenses. Dkt. No. 14.

The September 16, 2024 deadline for the plaintiff to identify the Doe defendants passed, but the plaintiff did not identify the Doe defendants or ask the court for more time to do so. Instead, he filed a document stating that he'd received "the Defendants 'Answer and Affirmation Defenses' Motion to Dismiss dated September 5, 2024." Dkt. No. 16. He said that he did not have adequate time to access precedent due to the need to ask for library time a week in advance, the limited number of computers and the fact that the librarian makes copies only once a week. Id. at 1. He stated that he needed a "four (4) week extension that he may be afforded ample time to prepare a defence against the Defendants motion." Id. at 2. The letter is dated September 16, 2024, id.—the date by which the plaintiff was required to identify the Doe

defendants—but it does not mention the Doe defendants or the requirement that the plaintiff must identify them by that date.

The defendants' September 5, 2024 answer and affirmative defenses is not a motion to dismiss; it is a responsive pleading required under Federal Rule of Civil Procedure 7(a)(2). The defendants' list of affirmative defenses does not ask the court to dismiss the case; it lists grounds for which the defendants *may* ask the court to dismiss this case in the future. The plaintiff is not required to respond to the defendants' answer and affirmative defenses.

On September 30, 2024—two weeks after the plaintiff's deadline to identify the Doe defendants had expired—the court received from the plaintiff a letter asking the court to give him an extension of four weeks to identify the names of the Doe defendants. Dkt. No. 17. The letter is dated September 25, 2024, which was nine days past the deadline the court had imposed for identifying the Doe defendants. Id. at 3. The plaintiff acknowledges the September 16, 2024 deadline, but he says that "presently" he "is unable to provide to the courts [*sic*] the names of Doe defendants." Id. at 1. The plaintiff says the mailroom at his institution did not receive digital documents from the defendants to assist him in identifying the Doe defendants until September 19, 2024, and he has not yet been able to view those documents despite completing the necessary paperwork to do so. Id. He says he expected to have an appointment to view the records on September 30, 2024. Id. at 1–2. The plaintiff says he is unable to meet his deadline "for no fault of [his] own," and he blames "Defendants counsel's delay in providing [him] with the much

3

Case 2:24-cv-00505-PP    Filed 10/09/24    Page 3 of 7    Document 19

needed digital documents." Id. at 2. As well as asking for four weeks to identify the Doe defendants, the plaintiff also asks the court to give him "counsel assistance whom has the reasonable knowledge and apt skills to properly litigate this matter on [his] behalf." Id. at 2–3. He says he has limited knowledge of the law and limited law library time, and he says he is "overwhelmed" by his case. Id.

The plaintiff may be correct that he received the digital documents later than he should have, but it was *his* responsibility to notify the court *before his deadline expired* that he needed additional time to identify the Doe defendants. He waited until more than a week after his deadline had expired to write to the court, and the court did not receive that letter until another five days had passed. Although the plaintiff is not responsible for mailing delays, he must take those delays into account when sending documents to the court to meet court-imposed deadlines. The court could deny the plaintiff's request because he failed to timely advise the court of his need for more time and waited until after his deadline had elapsed to even write his letter requesting additional time. This is not an example of diligent prosecution. See Civil Local Rule 41(c) (E.D. Wis.) (permitting the court to dismiss a case with or without prejudice if "it appears to the Court that the plaintiff is not diligently prosecuting the action").

But the court understands that incarcerated litigants face challenges. The plaintiff previously has not missed deadlines or delayed the case; this is the first instance. The court will grant his motion for additional time to identify

the Doe defendants. The plaintiff must send his motion identifying the Doe defendants (or requesting additional time to do so) *in time for the court to receive it* by **the end of the day on November 8, 2024**. If the court has not received the plaintiff's motion identifying the Doe defendants or requesting additional time *by the end of the day* on November 8, 2024, the court will dismiss the Doe defendants from the case and will not grant the plaintiff another extension of time to identify them.

The court will deny the plaintiff's motion for appointment of counsel. In a civil case, the court has the discretion to recruit counsel for individuals unable to afford counsel. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866–67 (7th Cir. 2013). In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654–55 (7th Cir. 2007)). To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Auth., 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan, 987 F.3d at 682. The plaintiff has not satisfied the first requirement because he has not said whether he has made any effort to obtain counsel on his own before asking for the court's assistance. Before the court

will attempt to recruit an attorney to assist the plaintiff, the plaintiff must show that he contacted at least three lawyers and must provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

Even after the plaintiff attempts to obtain an attorney on his own, he also must demonstrate that "the difficulty of the case, factually, legally, and practically, exceeds [his] capacity as a layperson to coherently litigate the case." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). "Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)). That the plaintiff has limited legal knowledge and limited law library time are not sufficient reasons for the court to recruit him an attorney; almost every incarcerated litigant faces those same challenges. The plaintiff must demonstrate that he is one of those *pro se* litigants most in need of an attorney to adequately litigate his case. The plaintiff's motion, and his filings to date, do not suggest that he cannot represent himself at this stage of the litigation.

The court will deny the plaintiff's motion for appointment of counsel without prejudice. That means he may renew his motion in the future if circumstances change such that he still believes he cannot adequately litigate his case on his own even with additional time, as the court is giving him in this decision.

The court **DENIES AS UNNECESSARY** the plaintiff's motion for an extension of time to respond to the defendants' answer. Dkt. No. 16.

The court **GRANTS** the plaintiff's motion for an extension of time to identify the Doe defendants. Dkt. No. 17. The court **ORDERS** that the plaintiff must identify the Doe defendants, or request additional time to do so, by the end of the day on **November 8, 2024**. That means the plaintiff must send his motion identifying the Doe defendants or requesting additional time *in time for the court to receive it* by November 8, 2024.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's request to appoint counsel. Dkt. No. 17.

Dated in Milwaukee, Wisconsin this 9th day of October, 2024.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**